This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

 **vs.**              **No. 33,443**

**CURTIS JONES,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}    The State appeals from the district court's order requiring that it call the forensic pathologist that performed the autopsy as a witness or have all evidence from the Lubbock coroner's office suppressed. This Court issued a calendar notice proposing to reverse and remand for the district court to consider whether the statements at issue are testimonial. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that this Court's proposed disposition was in error, we reverse.[1]

{2}    In this Court's notice of proposed disposition, we relied on our Supreme Court's decision in *State v. Navarette*, 2013-NMSC-003, 294 P.3d 435, to point out that, in order for a violation of the Confrontation Clause to occur, there must be testimonial statements that are offered for the truth of the matter asserted. *Id.* ¶ 7; *see*

---

[1] Effective June 17, 2005, NMSA 1978, Section 31-18-15(A)(1) (2005, amended 2007), was amended to provide a sentence of life imprisonment for "a first degree felony resulting in the death of a child[.]" As Defendant points out, cases involving the possibility of life imprisonment must be taken directly from the district court to the New Mexico Supreme Court. [MIO 1] *See* Rule 12-102 NMRA. However, prior to the 2005 amendment, Section 31-18-15(A)(1) only required a sentence of 18 years. *See* NMSA 1978, § 31-18-15(A)(1) (2003). Defendant is charged with conduct alleged to have occurred in 2004. [RP (D-503-CR-2005-00165) 1; RP (D-503-YR-2004-00001) 1-7] Therefore, Defendant is not subject to the 2005 amendment to Section 31-18-15. *See State v. Ordunez*, 2012-NMSC-024, ¶ 17, 283 P.3d 282 ("New Mexico courts have long recognized that a statute that increases the punishment allowable for a previously committed offense violates the ex post facto ban."). Accordingly, the State's appeal is properly before this Court.

*id.* (stating that "[t]he first principle . . . is that an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant"). We also pointed out that, in *Navarette*, our Supreme Court acknowledged that "not . . . all material contained within an autopsy file is testimonial and therefore inadmissible[,]" but that "an expert witness may express an independent opinion regarding his or her interpretation of raw data without offending the Confrontation Clause." *Id.* ¶ 22. We noted that the State had asserted below that Dr. Natarajan would not be relying on the subjective observations of Dr. Shrode, but was making his own independent determination as to the cause of death and the injuries based on "the photographs, microscopic glass slides, autopsy report and detail extensive ant[e] mortem medical documentation." [RP 578-79] We suggested that, based on the State's argument, the district court was required to conduct an analysis of whether the expert would be relying on and conveying testimonial statements made by another forensic pathologist. [CN 6] We proposed to reverse and remand to the district court for consideration of this issue.

{3}     In response, Defendant contends that by ruling that Dr. Shrode had to be present, the district court "implicitly rejected the State's argument that Dr. Natarajan was merely looking at raw data . . .  produced in the autopsy." [MIO 4] While this Court will, on occasion, interpret a district court order as making an implicit ruling, we decline to do so where the district court's order appears inconsistent with such a

3

ruling. Here, the district court's order only discusses whether Dr. Shrode is available to testify, stating: "*Navarette* provides that the 'first relevant principle' is to determine whether or not the witness is unavailable. Obviously, if the witness is available then the Confrontation Clause mandates that he must testify and be subject to cross-examination. No further analysis is needed." [RP 611-12] Because the district court order indicates that the only analysis conducted was with respect to availability, we conclude that it is proper for this Court to reverse the district court's ruling on the basis that the district court failed to engage in the full inquiry required to determine a Confrontation Clause Violation. In the event the district court did, in fact, implicitly reject the State's argument that Dr. Natarajan would only be relying on raw data, the district court can enter an order explicitly ruling on that issue following remand. Having not reviewed the materials that the State purports Dr. Natarajan will be relying on to reach his independent determination, this Court offers no opinion as to whether the information at issue can be characterized as testimonial. Rather, we are remanding for the district court to make that determination in the first instance. Accordingly, to the extent Defendant raises arguments regarding whether the evidence is testimonial, we do not address these arguments.

**{4}** For the reasons stated above, and in this Court's notice of proposed disposition, we reverse and remand for further proceedings consistent with this opinion.

**{5}** **IT IS SO ORDERED.**

 

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**